[—— NYS2d ——]

In the Matter of DEBORAH E. JORDON, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 23, 1995

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Deborah E. Jordon,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Deborah E. Jordon, was admitted to the practice of law in the State of New York by the First Judicial Department on June 27, 1978. At all times pertinent to this

proceeding respondent had maintained an office for the practice of law within the First Judicial Department.

By order of this Court entered October 6, 1994 (202 AD2d 141), respondent was suspended from the practice of law nunc pro tunc as of June 21, 1994 upon the ground that she was suffering from a disability by reason of mental infirmity or illness.

On or about July 13, 1994, respondent pleaded guilty in the Supreme Court of the State of New York, County of New York, to one count of grand larceny in the second degree, in violation of Penal Law § 155.40 (1), which is a class C felony.

On or about September 20, 1994, respondent was sentenced by the Honorable Herbert J. Adlerberg to five years' probation. As a condition of probation, respondent was directed to seek psychiatric counseling.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that she has been disbarred upon her conviction of a felony as defined by Judiciary Law § 90 (4) (e).

Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Judiciary Law § 90 (4) (e) provides in pertinent part as follows: "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state".

Respondent stands convicted of grand larceny in the second degree, in violation of Penal Law § 155.40 (1), which is a felony according to the New York Penal Law. Thus, pursuant to Judiciary Law § 90 (4) (a), respondent ceased to be an attorney by operation of law upon her conviction of a criminal offense which is classified as a felony under the laws of this State.

Accordingly, the Disciplinary Committee's petition is granted and respondent's name is stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

SULLIVAN, J. P., ASCH, NARDELLI, WILLIAMS and TOM, JJ., concur.

Petition granted and respondent's name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective March 23, 1995.